IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas Acquino, | ) | C/A No. 3:21-cv-02022-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| J.A. White & Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant J.A. White & Associates, Inc.'s ("Defendant") Partial Motion to Dismiss (the "Motion"). [ECF No. 8.] Defendant seeks dismissal of Plaintiff Thomas Acquino's ("Plaintiff") first and fourth causes of action—alleged violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") and quantum meruit/unjust enrichment, respectively. After a thorough review of the relevant case law and the arguments of the parties, the court denies the Motion.

## BACKGROUND & PROCEDURAL HISTORY

This action stems from Defendant's alleged failure to pay Plaintiff for certain work performed pursuant to an independent contractor agreement. [ECF No. 1.] Specifically, Plaintiff alleges that on February 12, 2019, Defendant hired him as an independent contractor for an auditing project with the Texas Department of Agriculture. *Id.* at ¶ 8. The terms of the independent contractor agreement were set forth in writing and signed by the parties. *Id.* at ¶¶ 9–10. On or about June 1, 2019, the parties extended the relationship and executed a second written agreement. *Id.* at ¶¶ 11–12. Plaintiff contends that Defendant paid him a total of $17,229.68 under the second agreement, but failed to pay "for approximately 700 hours of work." *Id.* at ¶¶ 14–15, 17.

1

Based on Defendant's alleged failure to pay Plaintiff under the second agreement, Plaintiff asserts claims for alleged violation of the SCUTPA, breach of contract, account stated, and quantum meruit/unjust enrichment. In response to the Complaint, Defendant filed an Answer, ECF No. 9, and the Motion that is presently before the court, ECF No. 8. Plaintiff responded to the Motion, ECF No. 11, and Defendant filed a reply, ECF No. 12. The matter is fully briefed and ripe for resolution by the court.

## LEGAL STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005); *Ashcroft,* 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

## DISCUSSION

Through the Motion, Defendant seeks dismissal of two of Plaintiff's four causes of action. Plaintiff opposes dismissal of the claims. The court addresses the parties' arguments, in turn, below.

## I. SCUTPA.

Defendant challenges Plaintiff's SCUTPA claim on two grounds. First, Defendant argues that Plaintiff's SCUTPA claim is nothing more than a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." [ECF No. 8-1 at p.4 (citing *Ashcroft*, 556 U.S. at 678).] Second, Defendant submits that Plaintiff fails to allege "specific facts" showing that the contract dispute between Plaintiff and Defendant impacts the public interest. *Id.* at p.5. According to Defendant, the references to other independent contractors who failed to get paid are insufficient, even if true, to allege the potential for repetition because they were all working on the same project. *Id.*

Plaintiff responds by referencing four paragraphs of the Complaint, which he claims address the alleged potential for repetition. [ECF No. 11 at p.3.] The four paragraphs allege:

> 18. In speaking with his coworkers working on the Project, Plaintiff learned that these individuals were also failing in their attempts to collect their earned wages from Defendant.
>
> 21. Defendant engaged in unfair and deceptive acts in the conduct of trade or commerce . . . when it facilitated and distributed the services of independent contractors like Plaintiff to Defendant's customers, who paid for such services, while intentionally not passing on such payment to Plaintiff for providing the services to its customers.
>
> 22. Defendant's unfair and deceptive acts have also been repeated as, upon information and belief, Defendant also refused to pay at least five other independent contractors known personally to Plaintiff, who also worked on the Project; thus, Defendant's actions will likely continue to occur absent the Court's deterrence.
>
> 23. Further, in at least one other lawsuit, Ashiru v. J.A. White & Assocs., C/A No. 3:16-2539-CMC-SVH (District of South Carolina, 2016) (dismissed for failure of pro se plaintiff to effect proper service on Defendants), Defendants were alleged to have committed similar unfair and deceptive trade practices.

[ECF No. 1 at ¶¶ 18, 21, 22, 23.]  Further, Plaintiff points to the "competitive bidding requirements under Texas law" to support his argument that the "Complaint uniquely implicate[s] the public interest[.]"  *Id.* at p.5.  The court agrees with Plaintiff that he has alleged enough to survive dismissal.

The SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"  S.C. Code Ann. § 39-5-20(a).  "Trade" and "commerce" are defined as the "advertising, offering for sale, sale or distribution of any services and any property, tangible, or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State."  S.C. Code Ann. § 39-5-10(b).  To recover under the SCUTPA, a plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the plaintiff suffered actual, ascertainable damages as a result of the unfair or deceptive act; and (3) the unfair or deceptive act affected the public interest.  *See* S.C. Code Ann. § 39-5-140; *Daisy Outdoor Advertising Co., Inc. v. Abbott*, 473 S.E.2d 47, 49 (S.C. 1996); *Havird Oil Co., Inc. v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998).  Here, the sufficiency of Plaintiff's allegations in relation to the third element is at issue.

At the outset, Defendant is correct in noting that "[a]n unfair or deceptive act or practice that affects only the parties to a trade or commercial transaction is beyond the act's embrace[.]"  *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 351 S.E.2d 347, 349 (S.C. Ct. App. 1986).  In that regard, South Carolina courts have held that an intentional breach of contract, without more, does not constitute a violation of the SCUTPA.  *Key Co., Inc. v. Fameco Distributors, Inc.*, 357 S.E.2d 476, 478 (S.C. Ct. App. 1987).  This, of course, is a logical conclusion.  If one party intentionally breaches a contract it entered into with another party, the

4

only impacted person is the non-breaching party. In that simple scenario, it is obvious that the public interest is not impacted.

Moreover, the court agrees with Defendant that Plaintiff's dispute seems to center around an alleged breach of contract. While the SCUTPA claim includes wordy descriptions of each element, it remains clear that Plaintiff's dispute is with Defendant's alleged failure to pay him for "his earned wages" in accordance with the second agreement. [ECF No. 1 at ¶ 17.] For example, in paragraph 21, Plaintiff alleges that the unfair or deceptive act is Defendant's failure to "pass[] on such payment to Plaintiff for providing the services to its customers." *Id.* at ¶ 21; *see also* ¶ 24 (describing the unfair and deceptive act as "failing to pay its independent contractors for their provision of services"). The court agrees that these allegations set forth an alleged intentional breach of the second agreement, which cannot *alone* satisfy the third element of a SCUTPA claim.

The question becomes whether Plaintiff has alleged something "more" than a mere breach of contract alone. *See Ardis v. Cox*, 431 S.E.2d 267, 271 (S.C. Ct. App. 1993) ("A deliberate or intentional breach of a valid contract, *without more*, does not constitute a violation of the SCUTPA." (emphasis added)). To assess whether that something "more" is adequately pleaded, the court looks to South Carolina law on the potential for repetition. South Carolina law is clear that "[a]n impact on the public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004). There are two recognized methods to show a potential for repetition: (1) "showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence" and (2) "showing the company's procedures created a potential for repetition of the unfair and deceptive acts." *Id.* The court takes the two in reverse order.

Starting with procedures that create the potential for repetition, a review of Plaintiff's Complaint evidences a failure to "allege any *specific* procedures or business practices" of Defendant "that create the potential for repetition." *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-cv-1682, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013) (emphasis added). Plaintiff does not point to a policy, guideline, procedure, or other business practice that creates the potential for repetition of the alleged unfair and deceptive act—contracting with independent contractors and then refusing to pay earned wages. Thus, the court concludes that Plaintiff has not adequately pleaded a potential for repetition through the second recognized method.

As to pleading the "same kind of actions" for purposes of the potential for repetition requirement, Plaintiff points to (1) the paragraphs in the Complaint referencing other independent contractors who had not been paid and (2) the reference to a prior lawsuit filed (but not served) against Defendant. Also taking these arguments in reverse order, the court finds that the unserved prior lawsuit is insufficient. It is nothing more than a document containing "allegations of accusations," which is "not the same as allegations of specific similar past acts." *Id.* (dismissing SCUTPA claim for failure to properly allege the potential for repetition). The question of whether Plaintiff's allegations of failure to pay other independent contractors are sufficient is a closer call, however.

Plaintiff's Complaint alleges "upon information and belief" that Defendant "also refused to pay at least five other independent contractors known personally to Plaintiff, who also worked on the Project." [ECF No. 1 at ¶ 22.] These allegations, when construed in favor of Plaintiff, suggest that Defendant repeatedly entered into contracts with independent contractors and then refused to pay pursuant to those contracts. The court concludes that these allegations are sufficiently distinct from those instances in which courts in this District have dismissed SCUTPA claims for failure to

6

allege the potential for repetition.  *See, e.g., Prince Payne Enters., Inc. v. Tigua Enters., Inc.*, No. 2:18-cv-2552, 2019 WL 5394197, at *6 (D.S.C. Oct. 22, 2019) (dismissing SCUTPA claim where there were "no factual allegations that Tigua has engaged in improper conduct with any party other than Prince Payne"); *T-Zone Health, Inc. v. SouthStar Capital, LLC*, No. 2:20-cv-2519, 2021 WL 3913551, at *4 (D.S.C. Sept. 1, 2021) (concluding allegations of a failure to remit payments due under multiple invoices submitted by the same entity are insufficient).

The failure to pay other independent contractors may not ultimately prevail for purposes of establishing an impact on the public interest, but the court is constrained by South Carolina's recognition that similar events occurring in the past may be sufficient to satisfy the public interest element of a SCUTPA claim.  At this early stage in the litigation, Plaintiff's allegations are sufficient to allow the SCUTPA claim to proceed.

## II.  Quantum Meruit and Unjust Enrichment.

Defendant also argues that Plaintiff's quantum meruit/unjust enrichment claim must be dismissed because, taking Plaintiff's allegations as true, there is a valid and express written contract between the parties.  [ECF No. 8-1 at pp.6.]  In response, Plaintiff argues dismissal would be premature because the pleadings do not establish which contract governs the alleged payments Plaintiff seeks to recover, and he should be permitted to plead the claim in the alternative.  [ECF No. 11 at pp.6–7.]  The court declines to dismiss the claim at this early stage of the litigation.

Defendant is correct that Plaintiff cannot *recover* for both breach of contract and quantum meruit/unjust enrichment.  Reviewing the Complaint at issue here, however, the court agrees with Plaintiff that the claim at issue is pleaded as an alternative theory of recovery.  [ECF No. 1 at ¶ 39 ("Alternatively to Plaintiff's breach of contract and account stated claims . . . ."); *see also* WHEREFORE (a) ("or, alternatively, for quantum meruit/unjust enrichment").]  Pleading in the

7

alternative is a common practice in the early stages of litigation and one recognized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d); *King v. Carolina First Bank*, 26 F. Supp. 3d 510, 519 (D.S.C. 2014) (declining to dismiss an unjust enrichment claim pleaded in the alternative); *Williams Carpet Contractors, Inc. v. Skelly*, 734 S.E.2d 177, 181 (S.C. Ct. App. 2012) ("A breach of contract and quantum meruit claim can be alternative rather than inconsistent remedies." (citation omitted)). As a result, the court declines to dismiss the claim at the Rule 12(b) stage of the litigation.

## CONCLUSION

For the reasons outlined herein, Defendant J.A. White & Associates, Inc.'s Partial Motion to Dismiss, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

November 12, 2021
Florence, South Carolina